NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ZAKEE COOPER, : <br> : <br> Defendant. : | Criminal Action No. 12-369-3 (ES) <br><br> MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Defendant Zakee Cooper's submission to the Court, in which Defendant writes "in light of the 2 point reduction of the drug quan[t]ity chart guideline" and requests that the Court appoint an attorney "to address this matter for [him]." (D.E. No. 74). The Court construes Defendant's submission as a motion to modify or reduce his imprisonment term under 18 U.S.C. § 3582(c)(2) in view of an amendment to the United States Sentencing Guidelines. (*Id.*); *see United States v. Mordukhaev*, No. 13-549, 2015 WL 4603669, at *1 (D.N.J. July 30, 2015) ("Amendment 782 to the Sentencing Guidelines has retroactively lowered the penalties for most drug offenses by reducing most offense levels on the Drug Quantity Table, U.S.S.G. § 2D1.1(c), by two levels."). For the following reasons, the Court must DENY this motion.[1]

On November 12, 2013, Defendant pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and four counts of possession with intent to distribute heroin

---

[1] With respect to Defendant's request for a court-appointed attorney, the Court notes that Defendant has not submitted the requisite Application for Pro Bono Counsel. *See United States v. Hart*, 331 F. App'x 972, 973 (3d Cir. 2009) ("[A] defendant is not entitled to be represented by counsel in a § 3582(c)(2) motion." (citation omitted)). Accordingly, Defendant's request is denied.

in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), as well as 18 U.S.C. § 2. On April 15, 2014, the Undersigned imposed a sentence of 82 months.

Regarding the basis for his sentence term, Defendant's Base Offense Level was calculated as 24 given the quantity of heroin at issue in the conspiracy. But because Defendant was deemed a career offender, his Base Offense Level was adjusted and the sentencing range was determined under the Sentencing Guidelines § 4B1.1. Adjustments were also made for his acceptance of responsibility. Ultimately, his Total Offense Level was 29.

In 2014, the U.S. Sentencing Commission voted such that lower drug sentences would be imposed after November 2014. This is known as Amendment 782—and, notably, is subject to retroactive application. *Mordukhaev*, 2015 WL 4603669, at *1 ("Amendment 782 to the Sentencing Guidelines has retroactively lowered the penalties for most drug offenses by reducing most offense levels on the Drug Quantity Table, U.S.S.G. § 2D1.1(c), by two levels.").

Under 18 U.S.C. § 3582(c)(2), a sentencing court can reduce an imprisonment term pursuant to a defendant's motion if (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." This second criterion is not satisfied in Defendant's case.

According to the Sentencing Guidelines, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). Subsection (d) includes Amendment 782. *See* § 1B1.10(d). Thus, the question is whether Amendment 782 has the effect of lowering Defendant's "applicable guideline range."

The "Sentencing Guidelines define 'applicable guideline range' as 'the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance.'" *United States v. Lugo*, No. 15-1511, 2015 WL 5933679, at *2 (3d Cir. Oct. 13, 2015) (quoting § 1B1.10 cmt. n. 1(A)). Defendant's "applicable guideline range" is the range calculated under the career-offender designation of § 4B1.1. *See id.* (affirming that the "applicable guideline range" for the defendant was "the range calculated pursuant to the career offender designation of § 4B1.1 and not the range calculated after applying any departure or variance," and explaining that "a downward variance from the career offender guideline does not change the applicable guideline range under which his sentence was calculated").

Here, Defendant's sentencing range was determined under Sentencing Guidelines § 4B1.1 because he was a career offender. So, although Defendant was convicted of a drug offense, he was sentenced based on a range determined under § 4B1.1 given the career-offender designation. This is critical because Amendment 782 amended sentencing range determinations only under Sentencing Guidelines § 2D1.1, not § 4B1.1. *See, e.g.*, *United States v. Gines-Figueroa*, No. 12-618, 2015 WL 5032056, at *2 (D.N.J. Aug. 25, 2015) ("Amendment 782 to the U.S.S.G., effective November 1, 2014, lowered the offense levels for most drug offenses on the 2D1.1 Drug Quantity Table . . . .").

In sum, Defendant is ineligible for a sentence reduction under the second criterion of 18 U.S.C. § 3582(c)(2)—*i.e.*, that reduction be "consistent with applicable policy statements issued by the Sentencing Commission." This is because Amendment 782 does not affect § 4B1.1—pursuant to which Defendant's applicable guideline range was determined—and therefore "does

not have the effect of lowering the defendant's applicable guideline range." *See* Sentencing Guidelines § 1B1.10(a)(2)(B).

An appropriate Order accompanies this Memorandum Opinion.

<u>*s/Esther Salas*</u><br>
**Esther Salas, U.S.D.J.**